

| | THE CITY OF NEW YORK | STEVEN E. SMITH |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | *Assistant Corporation Counsel* |
| *Corporation Counsel* | 100 CHURCH STREET | Labor & Employment Division |
| | NEW YORK, NY 10007 | (212) 356-1106 |
| | | stevsmit@law.nyc.gov |

May 7, 2025

**VIA ECF**
Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Granted.

*[signature]*

May 8, 2025

      Re:    *Adams v. New York County District Attorney's Office et al.*
             1:23-cv-10574 (DLC)

Dear District Judge Cote:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing Defendants New York County District Attorney's Office ("DANY") and City of New York ("City") in the above-referenced action. I write to respectfully request that the Court extend the deadline for Defendants to file their summary judgment motion from May 9, 2025 to May 30, 2025. Plaintiff consents to this request, and additionally requests to extend her deadline to oppose Defendants' motion from June 13, 2025 to July 25, 2025. Defendants therefore request two weeks to reply to Plaintiff's opposition, with a reply deadline of August 8, 2025. Finally, Defendants respectfully request that Your Honor so order the new subpoenas annexed to this motion as Exhibit "A." Defendants have annexed redacted copies and will follow up with unredacted copies via email to Your Honor's Chambers. Upon receiving word that the new subpoenas have been so ordered, Defendants will promptly send a representative to Your Honor's Chambers to retrieve the copies with wet signatures in order to serve them as quickly as practicable.

      This is the second such request by Defendants. Your Honor previously granted the parties' extension request for summary judgment deadlines on April 23, 2025. *See* ECF No. 53. This extension is requested because while Defendants have been working diligently on their Local Civil Rule 56.1 Statement of Material Facts, we have not been able to obtain all of the medical records for which Your Honor so ordered subpoenas. Although Defendants promptly served the subpoenas, we subsequently learned they were defective due to errors in the contact information provided by Plaintiff. Defendants have attached to this motion as Exhibit "A" new subpoenas for

the outstanding medical records with updated address information that Defendants to believe to be correct, and respectfully request that Your Honor so order them. Defendants must subpoena Plaintiff's medical records again because they could be critical to Defendants' arguments considering that Plaintiff brings disability discrimination claims. Defendants had been proceeding with their summary judgment briefing without the outstanding medical records, but it became clear as we proceeded with the briefing that we risked prejudicing ourselves by not being able to review Plaintiff's medical records.

For example, Plaintiff testified that it was her primary care physician ("PCP"), Dr. Keisha Bryant, who diagnosed her with the conditions she alleges to be her disabilities, but we have not received any information whatsoever as to the status of the medical records kept by Dr. Bryant because the address Plaintiff provided for Dr. Bryant does not appear to be her main office. Also, the doctor's note from Dr. Bryant that Plaintiff submitted along with her reasonable accommodation request indicated that Plaintiff's anxiety surrounding COVID-19, which she alleges was so severe as to require her to work remotely full-time, stemmed from the fact that she allegedly had three family members pass away from COVID-19 within the span of a week. However, at her deposition, Plaintiff testified that she, for some reason, could not remember the last names of her "dad's two cousins" who allegedly passed away, how old they were when they passed away, or on or about what dates they passed away. Plaintiff further testified that the third family member, her grandfather, did not pass away until May 2021, seven months after making her reasonable accommodation request. Plaintiff also testified that these individuals did not have funerals, and that she did not see or receive death certificates for these individuals. Plaintiff's testimony calls into question the reason for her purported anxiety that she claimed as a basis for her reasonable accommodation request, and Plaintiff's medical records from the mental health professionals she consulted with likely could provide material information as to her claims of anxiety.

Additionally, my supervisor will be away on a previously scheduled international trip from May 15 to 23, 2025. Finally, this is only the second federal summary judgment motion I have briefed, and I am still learning the intricacies of summary judgment motion practice. In addition to this summary judgment motion, I had an opposition to a baseless default motion due yesterday, May 6, 2025, in a case with complicated facts and a complex decision on representation of individual defendants. Accordingly, Defendants request that Your Honor so order the annexed subpoenas and request their summary judgment motion be due May 30, 2025; Plaintiff requests that her opposition be due July 25, 2025; and Defendants request that their reply be due two weeks after Plaintiff's opposition is filed, which would be August 8, 2025.

I thank the Court for its consideration and attention to this matter.

Respectfully submitted,

Steven E. Smith
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)

# EXHIBIT A

Case 1:23-cv-10574-DLC    Document 55-1    Filed 05/08/25    Page 3 of 19

Case 1:23-cv-10574-DLC   Document 55-1   Filed 05/08/25   Page 2 of 9
Case 1:23-cv-10574-DLC   Document 54-1   Filed 05/07/25   Page 4 of 11

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

NEERESHA ADAMS,

V.

NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, ET AL.

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER 1:23-CV-10574 (DLC)**

**TO:** **BETTERHELP: SHANNON SANDERS**
**2626 Charles Drive, Chalmette, LA 70043**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

**[X]** YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects): **COMPLETE CERTIFIED MEDICAL RECORD OF NEERESHA ADAMS, DOB ▮▮▮▮▮▮, SS# ▮▮▮▮▮**

| PLACE | DATE AND TIME |
| --- | --- |
| New York City Law Department<br>Office of the Corporation Counsel, Muriel Goode-Trufant<br>100 Church Street<br>New York, New York 10007<br>Attn: Steven E. Smith, Assistant Corporation Counsel, stevsmit@law.nyc.gov | May 14, 2025 at 5:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |

**Failure to comply with this Subpoena by the party or entity subject thereto may result in the imposition of sanctions by this Court against that party or entity.**

**SO ORDERED:** _____
                    HONORABLE DENISE L. COTE
                    UNITED STATES DISTRICT JUDGE

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

**SIGNATURE OF SERVER**

100 Church Street
**ADDRESS OF SERVER**

New York, NY 10007

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   i.  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   ii. subjects a person to undue burden.

(B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Case 1:23-cv-10574-DLC    Document 55-1    Filed 05/08/25    Page 5 of 19

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

NEERESHA ADAMS,

V.

NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, ET AL.

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER 1:23-CV-10574 (DLC)**

**TO:** DR. KEISHA BRYANT
205-15 Hollis Avenue, St. Albans, NY 11412

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

**[X]** YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects): **COMPLETE CERTIFIED MEDICAL RECORD OF NEERESHA ADAMS, DOB ▮▮▮▮, SS# ▮▮▮▮**

| PLACE | DATE AND TIME |
| --- | --- |
| New York City Law Department<br>Office of the Corporation Counsel, Muriel Goode-Trufant<br>100 Church Street<br>New York, New York 10007<br>Attn: Steven E. Smith, Assistant Corporation Counsel, stevsmit@law.nyc.gov | May 14, 2025 at 5:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |

**Failure to comply with this Subpoena by the party or entity subject thereto may result in the imposition of sanctions by this Court against that party or entity.**

SO ORDERED: _____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

100 Church Street
ADDRESS OF SERVER

New York, NY 10007

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or

ii. subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |

NEERESHA ADAMS,

V.

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, ET AL.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER 1:23-CV-10574 (DLC)

TO:   DR. JUNE FALAGARIO-WASSERMAN, LMHC
      3438 Bertha Drive, Baldwin, NY 11510

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

[X] YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects): **COMPLETE CERTIFIED MEDICAL RECORD OF NEERESHA ADAMS, DOB ▮▮▮▮▮▮, SS# ▮▮▮▮▮▮**

| PLACE | DATE AND TIME |
| --- | --- |
| New York City Law Department<br>Office of the Corporation Counsel, Muriel Goode-Trufant<br>100 Church Street<br>New York, New York 10007<br>Attn: Steven E. Smith, Assistant Corporation Counsel, stevsmit@law.nyc.gov | May 14, 2025 at 5:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |

**Failure to comply with this Subpoena by the party or entity subject thereto may result in the imposition of sanctions by this Court against that party or entity.**

SO ORDERED: _____
            HONORABLE DENISE L. COTE
            UNITED STATES DISTRICT JUDGE

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
**SIGNATURE OF SERVER**

100 Church Street
**ADDRESS OF SERVER**

New York, NY 10007

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    ii. subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

NEERESHA ADAMS,

V.

NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, ET AL.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER 1:23-CV-10574 (DLC)

TO:  JAMAICA HOSPITAL MEDICAL CENTER
8900 Van Wyck Expy, Richmond Hill, NY 11418

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

**[X]** YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified below (list documents or objects): **COMPLETE CERTIFIED MEDICAL RECORD OF NEERESHA ADAMS, DOB ▮▮▮▮▮, SS# ▮▮▮▮▮**

| PLACE | DATE AND TIME |
|---|---|
| New York City Law Department<br>Office of the Corporation Counsel, Muriel Goode-Trufant<br>100 Church Street<br>New York, New York 10007<br>Attn: Steven E. Smith, Assistant Corporation Counsel, stevsmit@law.nyc.gov | May 14, 2025 at 5:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

**Failure to comply with this Subpoena by the party or entity subject thereto may result in the imposition of sanctions by this Court against that party or entity.**

SO ORDERED: _____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

**SERVED ON (PRINT NAME)** | **MANNER OF SERVICE**

**SERVED BY (PRINT NAME)** | **TITLE**

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
                      **DATE**

**SIGNATURE OF SERVER**

 100 Church Street
**ADDRESS OF SERVER**

 New York, NY 10007

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or

ii. subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.